IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


WILLIAM H. PAYNE,

        Plaintiff,

vs.                                              No. Civ. 97-0266 SC/DJS

NATIONAL SECURITY AGENCY,

        Defendant.


**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on *pro se* Plaintiffs' Motion to Amend Santiago E. Campos Memorandum Opinion and Order Filed 98 Apr 30 AM 11:45, filed May 8, 1998 [Doc. No. 43].[1] Plaintiff requests that the Court "amend" its Memorandum Opinion and Order [Doc. No. 42], filed April 30, 1998, under Federal Rule of Civil Procedure 52, replacing the entirety of its holdings with the holding that the Court disqualifies itself under 28 U.S.C. §455(a).

---

[1] Arthur R. Morales joined, as a plaintiff, the Plaintiff's Motion to Amend.  However, Arthur R. Morales continues to be dismissed from this lawsuit.  In addition, Plaintiff listed Lieutenant General Kenneth A. Minihan as the Defendant.  Lieutenant General Kenneth A. Minihan continues to be dismissed from this lawsuit.  The proper defendant in this case is the National Security Agency (NSA).

Plaintiff's Motion to Amend is really a request that the Court disqualify itself under 28 U.S.C. § 455(a) and vacate the Court's April 30, 1998 Memorandum Opinion and Order. The primary ground for Plaintiff's Motion is that the Court demonstrated bias or partiality by "basing much of [its Memorandum Opinion and Order] on materials not contained in [the] pleadings before the Court." Pl. Mot. Amend at 8. Plaintiff contends that the Court "was supposed to rely on legal citations presented" only by the parties and to judge arguments only presented by the parties. Pl. Mot. Amend at 1. The Plaintiff's contention is meritless. The Court's actions were an unexceptional and traditional juridical enterprise. A court decides issues in a lawsuit based upon the relevant law or jurisprudence. The Court's conducting of independent legal research, citation, and analysis was in no way improper and certainly does not indicate partiality.

The Plaintiff's secondary contention is that the Court made a mistake of material fact concerning the discovery restrictions in this case. This contention, too, is utterly without merit.

The Court reminds Plaintiff of his obligations under Federal Rule of Civil Procedure 11 and the applicable caselaw. Motions, pleadings, or other papers are not to be presented to the Court to harass, to cause unnecessary delay, or for any other improper purpose. Under Rule 11, by presenting a motion, pleading, or other paper to the Court, Plaintiff also is certifying that his claim or other legal contentions made therein are warranted by existing law, have evidentiary support, or are otherwise nonfrivolous. Violation of Rule 11 can result in sanctions.

**NOW, THEREFORE, IT IS ORDERED** that Plaintiff's Motion to Amend should be, and is hereby, DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff: William H. Payne, *Pro Se*, Albuquerque, New Mexico

Counsel for Defendant: Jan Elizabeth Mitchell, ASSISTANT U.S. ATTORNEY, Albuquerque, New Mexico