CLERK'S COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

99 FEB 17 AM 10: 58

WILLIAM H. PAYNE,

Plaintiff,

vs.   No. Civ. 97-0266 SC/DJS

NATIONAL SECURITY AGENCY,

Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on *pro se* Plaintiff's Motion to Amend Santiago E. Campos Memorandum Opinion and Order Filed May 21 1998 11:35 and Objection to In Camera Ex Parte Meeting, filed May 28, 1998 [Doc. No. 45]. Plaintiff requests that the Court amend its Memorandum and Order [Doc. No. 44], filed May 21, 1998, under Federal Rule of Civil Procedure 52, replacing the Court's denial of Plaintiff's previous Motion to Amend with the holding that the Court disqualifies itself under 28 U.S.C. § 455(a) from further participation in this case. Defendant did not file a response to Plaintiff's motion. Plaintiff's motion is without merit and will be denied.

The primary grounds for Plaintiff's Motion and Objection is that by ordering an *ex parte in camera* hearing: (1) the Court has violated Plaintiff's rights to a jury trial and (2) the Court has attempted to commit classification abuse under Executive Order 12958 § 1.8. Plaintiff also contends that the Court's Federal Rule of Civil

57

Procedure 11 caution in the Court's May 21, 1998, Memorandum Opinion and Order constituted "a clear attempt to threaten Plaintiff" and prevent him from exercising his constitutional rights. Pl. Mot. Amend and Objection at 6.

I.  **PRELIMINARY ISSUES**

Plaintiff's motion complains about the Court's decision to stay a ruling on Defendant's motion for summary judgment until the Court holds an *ex parte in camera* hearing.[1] Plaintiff's motion could be construed as any of the following: (1) a Rule 52 motion to amend; (2) a renewed motion to disqualify under 28 U.S.C. § 455(a); or (3) a motion to reconsider an interlocutory order.

Plaintiff has filed his motion under Federal Rule of Civil Procedure 52. Rule 52(b) states: "On a party's motion filed no later than 10 days after *entry of judgment*, the court may amend its findings . . . and may amend the judgment accordingly." Fed. R. Civ. Proc. 52(b) (emphasis added). No judgment has been entered in this case-- Plaintiff's summary judgment motions were denied, Defendant's motion for partial dismissal was denied, and Defendant's motion for summary judgment is still pending.[2] See Fed. R. Civ. Proc. 52, 54(a), 56, 58; see also 12 James Wm. Moore et al.,

---

[1] As the moving party for the stayed summary judgment motion, Defendant has the burden of proof. Because the Freedom of Information Act (FOIA) imposes a presumption of disclosure, Defendant also bears the burden of proving that its claimed FOIA exemptions apply. The declaration to be presented by Defendant at the *ex parte in camera* hearing is part of the evidence Defendant needs to show to support its motion.

[2] The Court has granted Defendant's Motion to Dismiss Plaintiff Morales.

2

Moore's Federal Practice § 58.02[2], at 58-8 to 58-10 (3d ed. 1997). Consequently, Plaintiff's current motion is not a proper Rule 52 motion.

The relief Plaintiff seeks in his current motion is disqualification of the Court. Thus, Plaintiff's motion could be construed as a renewed motion to disqualify under 28 U.S.C. § 455(a).[3] So read, Plaintiff's request fails. The Court stated in both its April 30, 1998, Memorandum Opinion and Order and its May 21, 1998, Memorandum Opinion and Order that there are no legal or factual reasons for it to disqualify itself. The new reasons given by Plaintiff in his current motion for why the Court should disqualify itself are meritless and do not persuade the Court that it should change its prior decisions.

Finally, Plaintiff's motion also could be read as a motion to reconsider a previous interlocutory order by the Court. Although, "[t]he Federal Rules of Civil Procedure recognize no 'motion for reconsideration,'" Hatfield v. Board of County Comm'rs for Converse County, 52 F.3d 858, 861 (10th Cir. 1995), a district court has discretion to reconsider its decisions prior to entry of final judgment. See In re Unioil, Inc., 962 F.2d 988, 994 (10th Cir. 1992). "The purpose of a motion to reconsider is to correct manifest errors of law or fact or to present newly discovered evidence, not to

---

[3] In his present motion and in his May 8, 1998, motion, Plaintiff used Federal Civil Procedure Rule 52 to frame his request that the Court disqualify itself. However, Rule 52 is the incorrect vehicle to make a disqualification request. Additionally, if Plaintiff is contending that the Court is biased against him or in favor of Defendant, Plaintiff also has failed to follow the procedures set out in 28 U.S.C. § 144 for making such a claim and seeking recusal.

re-argue the issue." Frederick v. Southeastern Penn. Transp. Auth., 926 F. Supp. 63, 64 (E.D. Pa. 1996) (internal quotations omitted); see Huff v. UARCO, Inc., 925 F. Supp. 550, 561 (N.D. Ill. 1996), rev'd in part on other grounds, 122 F.3d 374 (7th Cir. 1997). A court's "opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Huff, 925 F. Supp. at 561 (internal quotations omitted). The Court declines to revise its previous decisions, finding, as explained below, that Plaintiff's reasoning for such a reconsideration is unsupportable in law or fact.

## II. SUBSTANTIVE ISSUES

### A. Jury Trial Right

Plaintiff asserts that he has a right to a jury trial under the Seventh Amendment of the United States Constitution and under Federal Rule of Civil Procedure 38. In support of his assertion, Plaintiff states he made a demand for jury trial; he paid for such trial with his lawsuit filing fee; he has not had such a trial; and that he (in combination with dismissed Plaintiff Morales) has invested hundreds of hours at a rate of over $100 per hour in *pro se* legal fee time.[4] Plaintiff further contends that his jury

---

[4] First, by paying the filing fee for this case Plaintiff has not paid to have a jury trial. See 28 U.S.C. § 1914(a) (filing fee due in any type of civil case or proceeding). (Generally, there is no jury fee in federal court.) Second, *pro se* legal fees are not recoverable under FOIA. See Burke v. Department of Justice, 432 F. Supp. 251, 253 (D. Kan. 1976), aff'd, 559 F.2d 1182 (10th Cir. 1977); see also Searcy v. Social Sec. Admin., No. 91-4181, 956 F.2d 278, 1992 WL 43490 at *5-*6 (10th Cir. March 2, 1992) (unpublished disposition) ("[T]he Tenth Circuit has ruled that *pro se* litigants are not entitled to attorney's fees under FOIA.") (citing Burke). However, under some circumstances, a *pro se* litigant may recover her costs. See 5 U.S.C. § 552(a)(4)(E); see also Burke, 432 F. Supp. at 252, 253.

trial rights are violated by the Court's decision to have an *ex parte in camera* hearing. Plaintiff cites no cases or other law to support his contentions, other than the Seventh Amendment and Rule 38.[5] Plaintiff's contentions are without merit.

First, there is no right to a jury trial under FOIA. Plaintiff's FOIA cause of action is statutory, and not one arising under the common law. There is no right to a jury trial in a statutory cause of action against the federal government unless the relevant statute explicitly and unambiguously provides such a right. See Lehman v. Nakshian, 453 U.S. 156, 160-62, 168 (1981); see also Johnson v. Hospital of Med. College of Pa., 826 F. Supp. 942, 943, 945 (E.D. Pa. 1993). Congress did not explicitly provide for right to jury trial in FOIA. See 5 U.S.C. § 552. The issues involved in FOIA cases also support the conclusion there is no jury right under FOIA—a jury trial might force a government defendant to reveal publicly "precisely what [the] defendant[] maintain[s] is exempt from disclosure to [the] plaintiff [and the public] pursuant to the FOIA." Pollard v. FBI, 705 F.2d 1151, 1154 (9th Cir. 1983) (internal quotations omitted).[6] The Court, thus, agrees with the Department of Justice that while

---

[5] The Seventh Amendment provides: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law." See U.S. Const. amend. VII. "[T]he thrust of the [Seventh] Amendment was to preserve the right to jury trial as it existed in 1791." Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 333 (1979) (internal quotations omitted) (alterations in Parklane); see Shore v. Parklane Hosiery Co., Inc., 565 F.2d 815, 819 (2d Cir. 1977), aff'd, Parklane, 439 U.S. 322. Federal Civil Procedure Rule 38 governs "[t]he procedural aspects of the right to trial by jury in the federal courts . . . ." Christenson v. Diversified Builders, Inc., 331 F.2d 992, 994 (10th Cir. 1964).

[6] Furthermore, while there is little caselaw on whether there is a jury trial right under FOIA, courts have consistently held that there is no right to jury trial under the Privacy Act, a statute similar to FOIA. See Office of Information and Privacy, U.S. Department of Justice, Freedom of Information Act & Privacy Act

"summary judgment is the procedural vehicle by which nearly all FOIA cases are resolved . . . , [i]n the event of a trial on a contested issue of fact, it will be decided by a judge alone because a FOIA requester is not entitled to a jury trial." Office of Information and Privacy, U.S. Department of Justice, Freedom of Information Act & Privacy Act Overview 503, 507 (Sept. 1997 ed.) [hereinafter FOIA Guide] (internal quotations omitted).

Second, there is no Seventh Amendment jury trial right with respect to disputed issues of fact. "Where no genuine issue of material fact exists, the court may, without violating Seventh Amendment rights, grant summary judgment pursuant to Rule 56 . . . ." Shore v. Parklane Hosiery Co., Inc., 565 F.2d 815, 819 (2d Cir. 1977) (citation omitted), aff'd, Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322 (1979); see Savage v. Federal Bureau of Investigation, No. 96-3440, 124 F.3d 199, 1997 WL 572891 at *2 (6th Cir. Sept. 15, 1997) (unpublished disposition) (The plaintiff was "not entitled to a jury trial as the district court properly ruled on the parties' cross-motions for summary judgment."); DeYoung v. Lorentz, No. 95-3153, 69 F.3d 547, 1995 WL 662087 at *2 n.5 (10th Cir. Nov. 9, 1995) (unpublished disposition) ("[A] properly applied summary judgment procedure does not violate the Seventh Amendment."); see also In re Diamond Door Co., 505 F.2d 1199, 1203 (9th Cir. 1974); United States v. Stangland, 242 F.2d 843, 848 (7th Cir. 1957)). Moreover, Plaintiff cannot complain

---

Overview 701 (Sept. 1997 ed.) [hereinafter FOIA Guide].

about the possible resolution of this case on Defendant's motion for summary judgment when he himself has filed two motions for summary judgment in this case. Therefore, the Seventh Amendment and Rule 38 do not to apply to Plaintiff's lawsuit, and Plaintiff has no right to a jury trial. See Fed. R. Civ. Proc. 39(a).

**B.** *Ex Parte In Camera* **Review**

If a court may grant a summary judgment motion without violating the Seventh Amendment, then, by implication, a court may hear evidence which is offered to support a summary judgment motion without violating the Seventh Amendment. Plaintiff, however, objects to the method by which evidence in this case is to be proffered--*i.e.*, the holding of an *ex parte in camera* hearing--stating such a hearing violates not only his right to a jury trial, but also the principle of open courts. Plaintiff's contentions are meritless.

It is "well settled" that a court may hear or examine an agency declaration *in camera* and *ex parte*. Greyshock v. United States Coast Guard, No. 96-15266, 107 F.3d 16, 1997 WL 51514 at *3 (9th Cir. Feb. 6, 1997) (unpublished disposition) (citing Pollard, 705 F.2d at 1153-54). *In camera* hearings are allowed under § 552(a)(4)(B) of FOIA. The necessity of such a hearing is committed to the discretion of the trial court. See Anderson v. Department of Health and Human Servs., 907 F.2d 936, 942 (10th Cir. 1990); see also NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 224 (1978); Quiñon v. Federal Bureau of Investigation, 86 F.3d 1222, 1227 (D.C. Cir. 1996);

Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993); see FOIA Guide, supra, at 500. A court also has discretion as to who shall have access to an *in camera* hearing and "denial of such access is completely within the discretion of the court." Yeager v. Drug Enforcement Admin., 678 F.2d 315, 324 (D.C. Cir. 1982); see Pollard, 705 F.2d at 1153-54; Hayden v. National Sec. Agency/Central Sec. Serv., 608 F.2d 1381, 1385-86 (D.C. Cir. 1979); see also Black v. United States, 62 F.3d 1115, 1119 (8th Cir. 1995); FOIA Guide, supra, at 503 ("[C]ounsel for the plaintiff ordinarily is not entitled to participate in such *in camera* proceedings.") (citing cases) (italics added).[7]

Although *ex parte in camera* hearings are proper in FOIA actions and Plaintiff has no right to be present at such a hearing, Plaintiff nevertheless argues that he should be able to view any declaration presented by the Defendant at the *in camera ex parte* hearing because while employed at Sandia National Laboratories he had Q clearance, SCI access, and cryptographic access. Plaintiff, however, does not currently possess

---

[7] As the District of Columbia Circuit has explained:

> We cannot pretend to be comfortable in endorsing regular use of *ex parte* procedures--a practice out of accord with normal usage under our common law tradition, in which the judge functions as the impartial arbiter of a dispute fully argued by both parties before him. But FOIA cases as a class present an unusual problem that demands an unusual solution: One party knows the contents of the withheld records while the other does not; and the courts have been charged with the responsibility of deciding the dispute without altering that unequal condition, since that would involve disclosing the very material sought to be kept secret. The task can often not be performed by proceeding in the traditional fashion, so that what is a rarity among our cases generally must become commonplace in this unique field.

Arieff v. United States Dep't of the Navy, 712 F.2d 1462, 1471 (D.C. Cir. 1983) (as amended).

the requisite security clearances. Therefore, Plaintiff is prohibited from being present at the *in camera* hearing and from access to any documents presented at the hearing.[8]

## C. Attempted Classification Abuses

Plaintiff claims that the Court is attempting classification abuse. Plaintiff contends that there are no properly classified documents in this case because the information is readily available and known to the public. The core issue in this case, however, is whether the alleged documents, if they exist, are improperly classified under Executive Order 12958 § 1.8, and improperly being withheld from Plaintiff under FOIA. Plaintiff's contention simply reargues claims already considered by the Court in its April 30, 1998, Memorandum Opinion and Order. See Parklane, 565 F.2d at 819.

Plaintiff makes an additional argument that Defendant's "Glomar response" is inapplicable to this lawsuit because the existence of the documents are known. Not only is whether Defendant's "Glomar response" has been properly asserted a pending issue in this case, but Plaintiff's argument, again, simply reposits claims already considered by the Court in its April 30, 1998, Memorandum Opinion and Order.

---

[8] If Plaintiff currently possessed his prior employment security clearances, and any other clearances which are required to view Defendant's declaration, there may have been no need for this lawsuit. Plaintiff could have pursued his claims of abuse classification and shoddy workmanship under Executive Order 12958 §1.8 and § 1.9. In fact, Plaintiff would have had a duty to do so. See Exec. Order 12958 § 1.9.

**D. Rule 11**

Finally, Plaintiff contends that the Court's recitation of Federal Civil Procedure Rule 11 in its May 30, 1998, Memorandum Opinion and Order violated his constitutional rights. Plaintiff has failed to make a substantial showing of a denial of a constitutional right by this Court. Plaintiff has no constitutional right or any right under the Federal Rules of Civil Procedure to file frivolous, harassing, or abusive motions. See Fed. Rule Civ. Proc. 11; Tripati v. Beaman, 878 F.2d 351, 353 (10th Cir. 1989) (per curiam) ("[T]he right of access to the courts is neither absolute nor unconditional. . . ."); see also Mehdipour v. The City of Oklahoma City, Nos. 97-6350, 97-6362, 1998 WL 199648 at *2 (10th Cir. April 24, 1998) (unpublished disposition) ("A litigant has no absolute or unconditional right of access to the courts, particularly with regard to frivolous or vexatious filings"); Adams v. New Mexico, Nos. 90-2158, 90-2190, 930 F.3d 32, 1991 WL 35222 at *2 (10th Cir. Feb. 22, 1991) (unpublished disposition) ("*Pro se* status does not provide litigants with a license to file baseless pleadings that serve to clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." (internal quotations omitted)). Additionally, the Court's recitation of Federal Rule of Civil Procedure 11 was not a malevolent act intended to threaten Plaintiff or prevent him from exercising his constitutional rights. Rather, it was intended (1) to inform Plaintiff of the mandates of Rule 11; (2) to remind Plaintiff that he is under an obligation to research the legal and/or factual merits of his

claim(s) before he files a motion seeking redress; and (3) to caution him that the filing of frivolous motions, even if filed with sincerity, could result in Plaintiff being sanctioned under Rule 11.[9] Such a caution was in order given the frivolous nature of Plaintiff's last motion. Therefore, Plaintiff's contention is without merit.

**NOW, THEREFORE, IT IS ORDERED** that *pro se* Plaintiff's Motion to Amend Santiago E. Campos Memorandum Opinion and Order Filed May 21 1998 11:35 and Objection to In Camera Ex Parte Meeting, filed May 28, 1998 [Doc. No. 45] is DENIED.

*[signature]*
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff: William H. Payne, *Pro Se*, Albuquerque, New Mexico

Counsel for Defendant: Jan Elizabeth Mitchell, ASSISTANT U.S. ATTORNEY, Albuquerque, New Mexico

---

[9] A pleading "is frivolous when it lacks an arguable basis in fact or is 'based on an indisputably meritless legal theory.'" DeYoung, 69 F.3d 547, 1995 WL 662087 at *2 (quoting Nietzke v. Williams, 490 U.S. 319, 325-27 (1989)); see Carter v. Hobbs Police Dep't, No. 97-2045, 134 F.3d 382, 1998 WL 31437 at *1 (10th Cir. Jan. 28, 1998) (unpublished disposition); Green v. Seymour, 59 F.3d 1073, 1077 (10th Cir. 1995). To avoid Rule 11 sanctions, a *pro se* party's actions must be objectively reasonable. See White v. General Motors Corp., Inc., 908 F.2d 675, 680 (10th Cir. 1990); see also Petrick v. Fields, No. 95-6290, 89 F.3d 851, 1996 WL 330241 at *1 (10th Cir. June 6, 1996) (unpublished disposition). A litigant's good faith belief in the merit of her proffered argument is insufficient. See White, 908 F.2d at 680.