CLERK'S COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
99 FEB 17 AM 10:58
CLERK-SANTA FE

WILLIAM H. PAYNE,

Plaintiff,

vs.　　　　　　　　　　　　　　　　No. Civ. 97-0266 SC/DJS

NATIONAL SECURITY AGENCY,

Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's Motion and Memorandum for Remand of Plaintiff Payne's First FOIA Request with Instructions and Request for Stay of Judicial Proceedings, filed June 22, 1998 [Doc. No. 50]. Defendant contends that because there has been no action taken by the National Security Agency (NSA or Agency) on Plaintiff's first Freedom of Information Act (FOIA) request, there are no substantive issues pertaining to this request before the Court.[1] Defendant, therefore, requests that: (1) the Court remand Plaintiff's first FOIA request to the NSA for further processing (upon receipt of the requested Agency search fee); (2) the Court issue an Order instructing Plaintiff to pay the requested Agency

---

[1] In his first Freedom of Information Act (FOIA) request, Plaintiff requested access to all technical documentation on (1) Benincasa's original NSS/USO algorithm; (2) Benincasa's revision of his original NSS/USO algorithm; (3) the Unkenholz-Judy GRANITE algorithm; (4) Brian Snow's MSCU algorithm; (5) the clipper algorithm; and (6) the STU III algorithms.

search fee of $1267.50 within a reasonable but clearly stated period of time; and (3) the Court stay any further judicial proceedings concerning Plaintiff's first FOIA request pending processing of said request. After receipt of the required fee, processing of Plaintiff's request is expected to take approximately 3.5 years.[2]

FOIA requires that a requestor pay a reasonable search fee. See 5 U.S.C. § 552(a)(4)(A). Plaintiff contends that because the location and/or authors of the requested information in his first FOIA request is known to him and/or to the NSA, and no search is required, the requested $1267.50 search fee is unreasonable and an attempt by the NSA to prevent lawful disclosure of the requested documents.[3] Defendant implicitly contends in its Motion, without any supporting evidence, that the fee charged Plaintiff is reasonable. In an earlier pleading, Defendant stated: "Even if Mr. Payne did know the location of the records, (and Defendant certainly does not agree that he does), the Agency would still have an obligation under the law to conduct an adequate search." Def. Reply to Pls. Resp. to Def. Mot. Partial Dism. and Mot. Summ. Judg.

---

[2] The estimated total processing time for FOIA requests received today by the National Security Agency's FOIA Office is five years. However, Defendant stated that it would put Plaintiff's first FOIA request in the place that it would have been in the first-in-first-out queue had the request not been closed for failure to pay the requested search fee. At this point in time, Plaintiff's request would have been in the queue for 1.5 years.

[3] The total estimated search fee charged was $1317.50, at a rate of $25.00/hour for professional personnel and $45.00/hour for executive personnel. See Def. Mot. Partial Dism. and Mot. Summ. Judg., Exh. A, Attachment 5. Under FOIA, a requester is entitled to two free hours of search time. See id.; 5 U.S.C. § 552(4)(A)(iv)(II). Therefore, the estimated search fee charged Plaintiff was reduced to $1267.50 (at a rate of $25.00/hour). See Def. Mot. Partial Dism. and Mot. Summ. Judg., Exh. A, Attachment 5. (Applying the $25.00/hour rate used to calculate the cost of the two free search hours, the estimated search time appears to be 52.70 hours.)

at 4. Searching for responsive records even though the location of such records is known may be unreasonable and in violation of the federal directive that searches for responsive records should be done in the "most efficient and least expensive manner so as to minimize costs for . . . the requester." OMB Fee Guidelines, 52 Fed. Reg. 10,012, 10,017 (1987); see id. at 10,018. Consequently, there is a contested issue of fact as to the reasonableness of the NSA's requested search fee, and the underlying estimated search time, for Plaintiff's first FOIA request. This contested issue of fact must be resolved by the Court before it may consider proceeding in the manner requested by Defendant. The record before the Court, however, is an inadequate basis upon which to resolve the issue. The Court, therefore, will allow Defendant the opportunity to show reasonableness by submitting an affidavit(s) and any other supporting or documentary evidence. Plaintiff will have the opportunity to respond with his own affidavits and/or other supporting or documentary evidence showing the unreasonableness of the estimated search time and search fee. The parties' submissions must be more than conclusory statements.

**NOW, THEREFORE, IT IS ORDERED** that the Court's decision on Defendant's Motion and Memorandum for Remand of Plaintiff Payne's First FOIA Request with Instructions and Request for Stay of Judicial Proceedings, filed June 22, 1998 [Doc. No. 50], is deferred. Defendant shall have fifteen (15) days from the date

of this Opinion to submit to the Court a detailed affidavit(s) and any other documentary or supporting evidence establishing the reasonableness of the estimated search fee charged Plaintiff for his first FOIA request and the estimated search time underlying that fee. Within ten (10) days of Defendant's submission, Plaintiff may respond with detailed affidavits and/or other documentary or supporting evidence. Within ten (10) days of Plaintiff's submission, Defendant may reply with any further documentary or factually supportive evidence.

*[signature]*
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff: William H. Payne, *Pro Se*, Albuquerque, New Mexico

Counsel for Defendant: Jan Elizabeth Mitchell, ASSISTANT U.S. ATTORNEY, Albuquerque, New Mexico