# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

WILLIAM H. PAYNE,

        Plaintiff,

vs.                                                No. Civ. 97-0266 SC/DJS

NATIONAL SECURITY AGENCY,

        Defendant.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on *pro se* Plaintiff's Motion to Alter and Amend Memorandum Opinion and Order Filed 99 Oct 27 AM 10:40, filed November 9, 1999 [Doc. No. 74]. Pursuant to Federal Rule of Civil Procedure 59(e), Plaintiff requests that the Court amend its October 1999 Memorandum Opinion and Order [Doc. Nos. 72 & 73] – replacing the Court's order granting Defendant's summary judgment motion with the order that Defendant immediately release on its web site all intercepted Iranian or Libyan messages and translations between January 1, 1980, and June 10, 1996. In his Reply, Plaintiff further provides that an alternative amendment would be for the Court to order a jury trial in this case.

The primary grounds for Plaintiff's Motion are that (1) FOIA Exemption 1 and Exemption 3 do not apply to this case because the documents he seeks have been improperly classified and (2) FOIA Exemption 3 further does not apply because there is

no statute which compels Defendant to withhold the requested documents. Plaintiff also contends in his Reply that the Court violated Plaintiff's constitutional right to a jury trial and thus failed to afford him an opportunity for a full and fair presentation of his claims.

Although Defendant states that Plaintiff's reference to Rule 59(e) in his motion "does not elucidate a basis" for the motion, Def. Opp'n. at 1, Plaintiff's motion to amend or alter is cognizable under Rule 59(e). See Vreeken v. Davis, 718 F.2d 343, 345 (10th Cir. 1983) ("[A] motion filed within ten days of the entry of judgment that questions the correctness of the judgment is properly treated as a Rule 59(e) motion."); see also Phelps v. Hamilton, 122 F.3d 1309, 1323-24 (10th Cir. 1997). Plaintiff's motion is timely as it was filed within ten days of the entry of judgment, excluding intermediate weekends and legal holidays.[1] See Fed. R. Civ. Proc. 6, 59(e); see also Parker v. Board of Pub. Utils., 77 F.3d 1289, 1290 n.2 (10th Cir. 1996).

The purpose of a Rule 59(e) motion is to correct manifest errors of law or to present newly discovered evidence, not to reargue the issue(s). See Phelps, 122 F.3d at 1324. Plaintiff has failed to establish the requisite grounds for revisiting the Court's summary judgment order – he has not demonstrated any manifest error of law in the order or presented newly discovered evidence indicating that the case should be reopened and the order altered or amended. Rather, Plaintiff's contentions restate arguments previously

---

[1] Contrary to Plaintiff's contention, "the three-day mail provision of Rule (6)(e) is not applicable to a motion pursuant to Rule 59(e) and does not extend the ten-day time period under that rule." Parker v. Board of Pub. Utils., 77 F.3d 1289, 1291 (10th Cir. 1996); see Steven Baicker-McKee, et al., Federal Civil Rules Handbook 693 (6th ed. 1999)

considered by this Court (and rejected after careful review).  Therefore, the Court declines to revise its previous summary judgment order.

**NOW, THEREFORE, IT IS ORDERED** that *pro se* Plaintiff's Motion to Alter and Amend Memorandum Opinion and Order Filed 99 Oct 27 AM 10:40, filed November 9, 1999 [Doc. No. 74] is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE


Counsel for Plaintiff: William H. Payne, *Pro Se*, Albuquerque, New Mexico

Counsel for Defendant: Jan Elizabeth Mitchell, ASSISTANT U.S. ATTORNEY, Albuquerque, New Mexico