IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


WILLIAM H. PAYNE and
ARTHUR R. MORALES,

            Plaintiffs,
  vs.                                             CIVIL NO.  97-266 MCA/LFG

NATIONAL SECURITY AGENCY,

            Defendant.


## REPORT AND RECOMMENDATION[1]
## FOR SANCTIONS AND STRIKING OF DOCUMENTS

THIS MATTER is before the Court on an Order of Reference from United States District Judge M. Christina Armijo, directing the undersigned Chief Magistrate Judge to issue a report and recommendation as to whether Plaintiffs' recent filings in this long-terminated case warrant sanctions, including censure, striking pleadings or imposition of fines [Doc. 89, at 2].

Plaintiffs William H. Payne ("Payne") and Arthur R. Morales ("Morales") filed their *pro se* complaint in this case over ten years ago, in February 1997.  On October 27, 1999, Senior United States District Judge Santiago E. Campos granted summary judgment in favor of Defendants [Docs. 72, 73].  On December 23, 1999, Judge Campos denied Plaintiff Payne's Motion to Alter or Amend the Memorandum Opinion and Order [Doc. 77].  Payne appealed and, on December 13, 2000, the United States Court of Appeals for the Tenth Circuit affirmed the District Court's ruling.  The case was thus terminated and has been closed for over six and one-half years.

---

[1]Within ten (10) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the analysis and recommendation.  Therefore, if no objections are filed by August 17, 2007, no appellate review will be allowed.

On May 16, 2007, Payne and Morales filed a Motion to Set Aside Judgment [Doc. 81]. Judge Armijo's Order of Reference followed.

The undersigned Chief Magistrate Judge issued an Order to Show Cause [Doc. 92] directing *pro se* Plaintiffs Payne and Morales to show cause by way of written response and supporting affidavits why their pleadings [Docs. 81, 82, 84, 85 and 91] should not be stricken or denied, and, further, why they should not be sanctioned for filing repetitive, frivolous or barred pleadings.

The Court's Order to Show Cause required a written response and supporting affidavits no later than July 25, 2007.  Neither Payne nor Morales complied with the Court's directive.  Neither filed a response to the Order to Show Cause, nor did they offer any rationale why the pleadings should not be stricken or denied, or why they should not be sanctioned for their abusive litigation practices.  Neither Plaintiff sought any extension of time within which to comply with the Court's order.  The time for responding expired.[2]  The district's local Rule, D.N.M.LR-Civ. 7.1(b) provides that failure to respond constitutes consent to the proposed relief.  Thus, Payne and Morales are deemed to have consented to having their pleadings stricken and sanctions imposed.  While the Court concludes that relief is appropriate under D.N.M.LR-Civ. 7.1(b), the Court nonetheless reviews the Order to Show Cause on its merits.

The Court's Order to Show Cause recites that Payne and Morales engaged in a multi-year campaign of filing abusive, repetitive and frivolous lawsuits, pleadings and papers in both federal

---

[2]On July 26, 2007, Payne and Morales filed a Motion to Void Order of Reference for Lack of Jurisdiction [Doc. 93], as well as a pleading captioned "Mandatory Judicial Notice and Authorities to Void Order of Reference for Lack of Jurisdiction" [Doc. 94].  They did not respond to the Order to Show Cause and did not submit the supporting affidavits mandated by the Court.  Their motion to void makes no mention of the Court's directive to show cause why their pleadings should not be stricken or denied.

2

and state courts.³ They targeted dozens upon dozens of defendants in their various lawsuits. These defendants included governmental agencies, America's national laboratories, governmental officials, federal judges, state judges, U.S. Attorneys, Assistant U.S. Attorneys, private attorneys, corporations, corporate officials, officers, directors and employees of corporations, and numerous others. In each instance, it was necessary for defendants to secure counsel and to take time and expend resources in responding to frivolous and repetitive lawsuits. This was a costly and time-consuming process.

Notwithstanding the dozens of lawsuits initiated by these *pro se* litigants, neither Payne nor Morales succeeded in *any* claim before any judicial forum. Each and every lawsuit they filed was dismissed. Payne and Morales were deemed "frivolous litigators" by both state and federal judges, and their many lawsuits served only to harass defendants, congest court dockets, impose financial and time burdens on defendants, and otherwise improperly burden the judicial system. Various state and federal judges censured and sanctioned Payne and Morales for misconduct, violation of the procedural rules, violation of court orders, or for misconduct under Fed. R. Civ. P. 11.⁴ Two state judges, the Honorable Robert Scott and the Honorable Kenneth Brown, and one federal judge, the Honorable William F. Downes, enjoined Payne and Morales from filing new suits or from raising issues which were previously resolved in prior lawsuits unless they complied with specific filing requirements as authorized by Tripati v. Beaman, 878 F.2d 351 (10th Cir. 1989).⁵

---

³Appendix B and Appendix C [Doc. 92] consist of brief summaries of Payne's and Morales' frivolous litigation history in the state and federal courts of New Mexico.

⁴*See* footnote 9, p. 11.

⁵*See* Morales and Payne v. Baca et al., CIV 01-634 WFD [Docs. 57, 61]; in Payne v. Brennan et al., 2001-07794 (On 5/16/2002, State District Court Judge Kenneth Brown entered an injunction granting defendants' motion for injunctive relief prohibiting William H. Payne from filing lawsuits in New Mexico court without representation of licensed counsel); in Morales and Payne v. Brennan et al., 2002-3425 (July 8, 2002, then State District Court Judge Robert H. Scott permanently enjoined Morales from filing any

Notwithstanding the federal or state courts' efforts to bar Payne and Morales from engaging in this type of misconduct, they continue with their efforts to frustrate courts, burden litigants, sap judicial resources, impose litigation costs on blameless defendants, and congest court dockets.

Their latest attempt to revive this present long-dormant lawsuit and to resurrect arguments which were rejected decisively long ago by this District Court, and affirmed on appeal, is only the most recent example of these plaintiffs' disregard for orderly judicial processes. They seek to have this lawsuit, like Banquo's ghost, resurrected from the dead.[6] Payne's and Morales' conduct is reprehensible, and it is sanctionable, both under the Court's clear authority to regulate its own docket and under the factors outlined in Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992).

### Court's Authority to Control its Docket

A party's right of access to the courts is neither absolute nor unconditional. Tripati v. Beaman, *supra*, at 353 (10th Cir. 1989). In particular, there is no constitutional right of access to the courts to prosecute actions that are frivolous or malicious. Id.; Phillips v. Carey, 38 F.2d 207, 208 (10th Cir. 1981); Johnson v. Stock, No. 03-4219, 2005 WL 1349963, at *3 (10th Cir. Jun. 8, 2005) (in imposing filing restrictions, the court noted that the plaintiff's "vexatious litigiousness has resulted in an immense waste of judicial resources").

When a litigant abuses filing privileges, restrictions and sanctions are appropriate, as "[t]he goal of fairly dispensing justice is compromised when the Court is forced to devote its limited

---

pleadings in state court unless represented by counsel. Judge Scott is now a Magistrate Judge with the United States District Court in New Mexico. In both cases, Payne and Morales were deemed "vexatious" litigants who impair, impede, delay and obstruct the administration of justice.

In both district court cases, Payne and Morales sought to appeal the dismissals of their cases and the injunctions entered against them. In both instances, the appeals were dismissed or denied.

A court may judicially notice records of sister courts. *See, e.g.*, United States v. Estep, 1060, 1063 (10th Cir. 1985) (judicial notice is particularly applicable to court records of litigation closely related to the case before it).

[6]Macbeth, Act 3, Scene IV.

resources to the processing of repetitious and frivolous claims." In re Winslow, 17 F.3d 314, 315 (10th Cir. 1994) (internal punctuation omitted).

Payne's and Morales' abuses are legion. Not only have they filed multiple frivolous lawsuits, but they have also used their pleadings to heap abuse, disrespect and invective on parties, opposing counsel and judges.

Courts have the inherent power to impose a variety of sanctions on both litigants and attorneys in order to regulate their docket, promote judicial efficiency, and deter frivolous filings. Stafford v. Comm'r of Internal Revenue, 805 F.2d 895, 896 (10th Cir. 1986), *citing* Roadway Express, Inc. v. Piper, 447 U.S. 752, 765, 100 S. Ct. 2455, 2463 (1980), (discussing the "'well-acknowledged' inherent power of a court to levy sanctions in response to abusive litigation practices").

Sanctions and filing restrictions are an appropriate exercise of a court's power to protect itself from the deleterious impact of repetitive, unfounded *pro se* litigation. Johnson v. Cowley, 872 F.2d 342, 344 (10th Cir. 1989); Olson v. Coleman, 997 F.2d 726, 729 (10th Cir. 1993) (*pro se* litigant filing *in forma pauperis* nevertheless ordered to pay sanctions for his "history of vexatious and frivolous filings"); Werner v. Utah, 32 F.3d 1446, 1447-48 (10th Cir. 1994).

> There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances . . . . Even onerous conditions" may be imposed upon a litigant as long as they are designed to assist the district court in curbing the particular abusive behavior involved.

Tripati v. Beaman, *supra*, at 352 (internal punctuation omitted).

In addition to this inherent power, the Court also has authority under a variety of statutes and court rules to impose monetary sanctions "[t]o deter frivolous and abusive litigation and promote

5

justice and judicial efficiency," Braley v. Campbell, 832 F.2d 1504, 1510 (10th Cir. 1987). *See, e.g.*, 28 U.S.C. § 1651(a) (federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions"); 28 U.S.C. § 1927 (an attorney or other person conducting litigation in federal court may be required to satisfy personally any excess costs, expenses and attorney fees if he or she "multiplies the proceedings in any cases unreasonably and vexatiously"); Fed. R. Civ. P. Rule 11(c) (authorizing the court to "impose an appropriate sanction" on attorneys or parties who file pleadings for improper purposes or who present claims not warranted by existing law or by non-frivolous argument for the extension or modification of existing law).

The Court thus finds that it has authority to impose sanctions on Payne and Morales for their disregard of court procedure and their well-documented history of vexatious and abusive litigation.

### **Ehrenhaus Analysis**

Before sanctions are imposed, the Court is required to conduct an assessment pursuant to Tenth Circuit precedent. Ehrenhaus *supra*; and Meade v. Grubbs, 841 F.2d 1512 (10th Cir. 1988); M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869 (10th Cir. 1987).

The Ehrenhaus factors which the Court must consider are: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would likely be taken as a sanction for non-compliance; and, (5) the efficacy of lesser sanctions.

#### Degree of Prejudice to Defendants

In the present case, there can be no doubt that Defendants have been prejudiced. Morales' claims against Defendant were dismissed by the Honorable Santiago E. Campos on April 30, 1998 [Doc. 42]. Thereafter, Judge Campos granted summary judgment in favor of Defendants dismissing Payne's claims [Doc. 72]. Both Payne and Morales filed a Notice of Interlocutory Appeal. The

Tenth Circuit dismissed the interlocutory appeal. Following final judgment dismissing this case, a new appeal was taken to the Tenth Circuit. On December 13, 2000, the Tenth Circuit Court of Appeals affirmed the dismissal of this lawsuit [Doc. 80]. Thus, this case has been closed for over six and one-half years.

Even though they lost this lawsuit and this case has long been closed, Payne and Morales now seek to set aside the judgment, claiming that the Court was without jurisdiction to dismiss the case. Plaintiffs' jurisdictional arguments are specious.[7]

Payne's and Morales' argument that the Court lacked jurisdiction is without merit. The Court clearly had both *in personam* and subject matter jurisdiction. When a party actively participates in litigation and seeks affirmative relief from the court, he thereby waives any right to assert a lack of personal jurisdiction. Feldman Inv. Co. v. Conn. Gen. Life Ins. Co., 78 F.2d 838, 841 (10th Cir. 1935); Hunger United States Special Hydraulics Cylinders Corp. v. Hardie-Tynes Mfg. Co., 203 F.3d 835 (Table, text in Westlaw), No. 99-4042, 2000 WL 147392, at *3 (10th Cir. Feb. 4, 2000). The pertinent inquiry is whether the party demonstrated a willingness to submit a dispute to judicial resolution, ORI, Inc. v. Lanewala, 147 F. Supp. 2d 1069, 1074 (D. Kan. 2001); *see also*, Thompson v. United States, 312 F.2d 516, 519 (10th Cir. 1962) (discussing a party's "voluntarily invok[ing] the judgment of the court").

In this case, Plaintiffs submitted themselves to the jurisdiction of the Court by filing their complaint and seeking affirmative relief. Thus, their own lawsuit vested the Court with *in personam* jurisdiction.

---

[7]In addition to their Motion to Void Judgment for Lack of Jurisdiction [Doc. 81], the plaintiffs also filed a "Motion to Void Order of Reference for Lack of Jurisdiction" [Doc. 93], docketed as a Motion for Reconsideration, and a "Notice and Authorities" in support thereof [Doc. 94], both filed July 26, 2007. These latter two submissions are prolix and unclear, but Plaintiffs apparently seek to "void" the Order of Reference previously entered in this case on the ground the Court lacks jurisdiction.

Furthermore, there is no question as to the Court's subject matter jurisdiction. Plaintiffs invoked this Court's jurisdiction under the Freedom of Information Act. [Complaint, Doc. 1]. Under 28 U.S.C. § 1331, the district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006). Plaintiffs' claim invoked rights and remedies under the Freedom of Information Act and a United States court has original jurisdiction to resolve matters arising under a federal statute. Thus, it is patently clear that the Court was vested with subject matter jurisdiction.

While a court has a duty to inquire into its subject matter jurisdiction at any stage in the litigation, Arbaugh v. Y & H Corp., 546 U.S. 500, 126 S. Ct. 1235, 1244 (2006), there is no basis for making any such inquiry in this case, as it was clear six and one-half years ago just as it is clear now, that this Court had jurisdiction to decide the case.

When Payne and Morales filed their motion to set aside judgment [Doc. 81], Defendant was forced to contact counsel who, in turn, had to retrieve old documents and pleadings, research the case and file a response to the pleadings filed by Payne and Morales. All of this time and effort detracts from Defendant's statutory responsibilities and imposes burdens and costs on Defendant as well as Defendant's attorney, the United States Attorney for the District of New Mexico.

The litigation history for these *pro se* Plaintiffs indicates that they take a gleeful delight in burdening governmental agencies, federal defendants, federal judges, federal attorneys and others. It is clear to this Court that Plaintiffs' conduct is intentional and pursued with the idea of imposing burdens and hardships on defendants.

<u>Interference With the Judicial Process</u>

Here, again, the evidence is clear that the Court has been prejudiced. Over the course of

many years, Payne and Morales filed multiple lawsuits and virtually flooded state and federal dockets with frivolous pleadings. For example, in the present case, there are 92 docket entries of record. Each docket entry represents a burden on a defendant, a court officer, a judge and others. In days of declining court budgets and increasing criminal workloads, the time devoted to handling frivolous litigation, such as the present case, wastes precious judicial resources. It is abundantly clear that is part of Payne's and Morales' goal.

The *pro se* litigants' most recent round of pleadings compelled the Court to review closed cases, assign a new judge, issue new orders, including the Order to Show Cause, and otherwise spend time and judicial resources that were not necessary.

The Court concludes that it has been prejudiced as a result of this frivolous litigation.

### Culpability of the Litigants

If a litigant is represented by counsel and the misconduct is occasioned by an attorney rather than the party, then, the attorney is the proper individual to suffer the consequence of any sanction. In re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984)(if the fault lies with the attorneys, that is where the impact of the sanction should be lodged); *see also* M.E.N. Co. v. Control Fluidics, Inc., *supra*, at 873-74. Here, however, Payne and Morales represent themselves, and are therefore solely responsible for their own misconduct.

### Prior Warnings

It is inappropriate to impose sanctions unless prior warning is given an offending party that particular conduct is inappropriate and the party could be subject to sanctions. Willner v. Univ. of Kansas, 848 F.2d 1023, 1030 (10th Cir. 1988). In this case, numerous warnings given by various federal and state judges have gone unheeded. Indeed, in Morales v. Baca, No. CIV 01-634 WFD, a prior lawsuit initiated by these litigants, the trial judge, the Honorable William F. Downes, stated:

> The Court finds the Plaintiffs' Complaint to be a frivolous, ranting diatribe grounded in obstinacy, ignorance, and unbridled contempt for the law--a continuation of the Plaintiffs' litigious pattern, spanning nearly a decade. Plaintiffs sue anyone who has the audacity to disagree with them. The Court has tolerated Plaintiffs' tantrums long enough. Plaintiffs will either show deference to the Constitution of the United States and the statutes and rules lawfully promulgated thereunder or pay the price.

[Doc. 57, p. 15].

Even after Judge Downes' stern warning and entry of an order enjoining the filing of new civil actions, [Civ. 01-634, Doc. 61], these *pro se* litigants continued to file pleadings [Docs. 53, 59, 60, 62, 63, 68, 69, 72]. This caused Judge Downes to write:

> The Plaintiffs' continued frivolous claims against defendants amount to harassment and contemptible disrespect for the judicial process and its participants--both judges and attorneys.
>
> * * *
>
> After having made itself abundantly clear, the Court now recognizes that Plaintiffs have no intention of accepting the Court's determination, as they continue to file frivolous motions. This Court has made its final determination in this matter. It will no longer consider Plaintiffs' motions . . . ."

[Doc. 74].

Given their frivolous litigation history, Payne and Morales were permanently enjoined by State District Judges William Brown and Robert Scott from filing any new matters in any New Mexico State court. So, too, Payne and Morales were permanently enjoined in federal court from filing new lawsuits or raising issues which were previously dismissed by the court. (*See* Judge Downes' order in Morales v. Baca, Doc. 57).

Within the last month, Senior Judge John Edwards Conway in Payne v. Sandia Corp., et al., No. CIV 92-1452 JC, directed the Clerk of the Court to no longer receive any pleadings filed by

10

these two litigants.[8]  It is undisputed that they have been warned that their conduct is subject to sanctions.

### Efficacy of Lesser Sanctions

In this case, lesser sanctions have been imposed, but to no avail.  Payne and Morales have been sanctioned for their litigation conduct on several prior occasions.[9]  In addition to the monetary sanctions, none of which was apparently ever collected, both litigants were repeatedly warned by judicial officers that their conduct was inappropriate and that their lawsuits were frivolous.  These warnings were ignored.

After consideration of the Court's legal authority, the Ehrenhaus factors and a review of the state and federal injunctions preventing these litigants from further burdening defendants and the court system, the Court determines that sanctions are appropriate.

### **Conclusions**

In reviewing the dozens of cases filed by these litigants, it is apparent that literally hundreds of thousands of dollars of attorney fees and costs have been spent to protect defendants from these Plaintiffs' frivolous lawsuits.  Unless significant sanctions are imposed and collection efforts pursued by the United States, there is no hope that other defendants will be free from Payne's and Morales' abusive lawsuits, or that courts will not be further burdened with their prolixity and frivolousness.

---

[8] In Judge Conway's case, 92-1452, the trial Court ruled against Payne by way of summary judgment on August 23, 1994 [Docs. 154, 155].  Payne appealed and, on March 3, 1999, the Tenth Circuit affirmed [Doc. 167].  In that case, as in this, Payne sought to reopen the litigation years after it was over.

[9] In this present case, Judge Svet ordered Plaintiffs to pay sanctions of $625.00 for violating Court orders [Doc. 41].  In Morales v. Lockheed Martin Corp., et al., CIV 97-350 LH/DJS, the court ordered sanctions of $2,260.85 for failing to comply with discovery obligations and court orders.  In Payne v. EEOC et al., CIV 99-270 LFG/KBM, the court sanctioned Payne for Fed. R. Civ. P. 11 violations in the amount of $912.50.

It is clear that this lawsuit was long ago dismissed by a court acting within its jurisdiction, and that the dismissals were affirmed. It is further clear that after being warned not to engage in frivolous litigation, Plaintiffs have again sought to raise the very issues which were dismissed and affirmed. Plaintiffs, in knowing violation that this lawsuit was dismissed and the dismissal affirmed, again filed frivolous pleadings. Their conduct was intentional, malicious and sanctionable, and the undersigned magistrate judge recommends imposition of substantial financial penalties intended to prevent Plaintiffs from engaging in this conduct in the future.

Accordingly, I recommend that Payne and Morales be sanctioned in the amount of $10,000 each, for a total sanction of $20,000 payable to the Clerk of the Court, and the Court further directs that the United States Attorney file an abstract of judgment and proceed to enforce and collect the sanctions imposed on Payne and Morales.

While a $10,000 sanction, per litigant, is high, it is not unprecedented. Indeed, attorneys in this district have had personal sanctions in twice that amount imposed against them for violating court orders. *See* Vesco v. Snedeker, No. CIV 00-1805 WJ/LCS (D.N.M. July 12, 2002)[Judgment, Doc. 119]. A $10,000 sanction is justified given the repetitive and abusive nature of Plaintiffs' conduct, and especially given the fact that prior lesser sanction orders have been entered without impact. Moreover, the prior modest sanctions imposed have had no impact in deterring this blatant misconduct. Thus, a penalty sufficient to get the Plaintiffs' attention and to serve as a future deterrent is necessary.

### **Recommendation**

The Court recommends that Plaintiffs' pleadings 81, 82, 84, 85, 91, 93 and 94 be stricken, and that Payne be personally sanctioned in the amount of $10,000, and that Morales be sanctioned in the amount of $10,000. Each is directed to pay to the Clerk of the Court the $10,000 sum within

thirty days. If this payment is not made, the Court recommends that the United States be directed to take all reasonable and necessary action to enforce the sanction orders and secure payment.

The Court further recommends that the Clerk be directed to accept no further pleadings from Plaintiffs in this case.

*/s/ Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge