IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM H. PAYNE and
ARTHUR R. MORALES,

           Plaintiffs,
  vs.                                                      No. CIV 97-266 MCA/LFG

NATIONAL SECURITY AGENCY,

           Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, STRIKING PLEADINGS, AND IMPOSING SANCTIONS

THIS MATTER comes before the Court on the Report and Recommendation for Sanctions and Striking of Documents [Doc. 95], filed herein on July 31, 2007. Plaintiffs filed their Objections [Doc. 97] to the Report and Recommendation on August 17, 2007. The Court conducted a *de novo* review of the Report and Recommendation and finds that it should be adopted.[1]

In their objections, Plaintiffs argue that the undersigned United States District Judge lacked jurisdiction to refer this matter to a Magistrate Judge for recommended disposition, because it is not a "pretrial" matter. 28 U.S.C. § 636(b)(1) does refer to "pretrial matters." However, "[c]ourts considering the meaning of the term 'pretrial' in § 636(b) have not interpreted the term literally with

---

[1]Subsequent to Judge Garcia's filing of the Report and Recommendation for Sanctions and Striking of Documents [Doc. 95], Plaintiffs filed, on August 22, 2007, two pleadings: Motion to Correct Response to Report and Recommendation for Sanctions and Striking of Documents [Doc. 98] and Motion for Extension of Time [Doc. 99].

    This Court has reviewed these pleadings and determines that their substance in no way alters the Court's analysis and consideration of the Report and Recommendation for Sanctions and Striking of Documents [Doc. 95]. The relief sought therein is denied and the pleadings are stricken from the record.

respect to the time of trial, but rather have interpreted the term to refer generally to matters unconnected to the issues litigated at trial." Robinson v. Eng, 148 F.R.D. 635, 641 (D. Neb. 1993). *See also*, Bergeson v. Dilworth, 749 F. Supp. 1555 (D. Kan. 1990) (Magistrate Judge has authority under § 636 to impose postjudgment Rule 11 sanctions because, broadly construed, the term "pretrial matter" means any matter unrelated to the claims litigated at trial).

In addition, the Court has authority under 28 U.S.C. § 636(b)(3), the "additional duties" provision, to refer any matter to a Magistrate Judge so long as the Article III judge "retains the 'ultimate responsibility for decision making in every instance.'" Colorado Bldg. & Constr. Trades Council v. B.B. Andersen Constr. Co., 879 F.2d 809, 811 (10th Cir. 1989).  In this case, the District Judge has conducted the requisite *de novo* review and made the independent determination that sanctions are warranted.  The Court notes as well that Plaintiffs are seeking relief which, if granted, would result in this case being sent back for trial; thus, the pending motions fall within the meaning of Section 636, as it is broadly interpreted by the Tenth Circuit.  Thus, the Court rejects the contention that its Order of Reference [Doc. 89] was improper.

Plaintiffs also contend that two pleadings filed after the deadline for responding to the Court's Order to Show Cause – their "Motion to Void Order of Reference for Lack of Jurisdiction" [Doc. 93], and their "Mandatory Judicial Notice and Authorities to Void Order of Reference for Lack of Jurisdiction" [Doc. 94] – "obviated any response to Garcia's Order to Show Cause," and that "Judge Armijo's failure to rule on Motion to Void Order of Reference for Lack of Jurisdiction before allowing Garcia to issue REPORT AND RECOMMENDATION violated due process." [Doc. 97, at 6].

The Court rejects this contention.  The *pro se* pleadings [Docs. 93 and 94] do not serve to excuse the Plaintiffs' obligations to comply with the Court's explicit directive and order of July 6,

2

2007 [Doc. 92]. Plaintiffs were required to show cause, and they failed to respond to the Court's Order to Show Cause within the time allotted. They argue that their response was not late because the pleadings were *mailed* on July 25, 2007, even though they were not filed until July 26. However, the Order to Show Cause reads: "Payne and Morales are directed to file their written responses and supporting affidavits no later than July 25, 2007." [Doc. 92, at 3]. The deadline was for filing a response; the date of service is irrelevant. In any event, the two pleadings filed on July 26 were not responsive to the Order to Show Cause. Plaintiffs' action in filing a motion, one day after the deadline for responding to the Order to Show Cause, is a legal nullity. In addition, the Motion to Void Order of Reference for Lack of Jurisdiction is substantively without merit. The Magistrate Judge recommended that the two pleadings filed on July 26, 2007 [Docs. 93 and 94] be among the documents to be stricken from the record, and this Court adopts that recommendation.

Plaintiffs also object to the amount of the recommended sanction, arguing that it is unprecedented. It is not. In affirming a sanction award of over $56,000 in attorney fees against a plaintiff's counsel for pursuing a case after the statute of limitations had clearly expired, the court in Merriman v. Security Ins. Co. of Hartford, 100 F.3d 1187, 1194 (5th Cir. 1996), noted that the district court must exercise its discretion "in crafting a sanction award reasonably calculated to deter litigation abuse." While the $10,000 recommended in this case is a substantial amount, lesser sanctions imposed against these Plaintiffs in the past have not deterred their abusive conduct. Indeed, Plaintiffs continued with their campaign of filing baseless and frivolous pleadings and lawsuits unmoved by the Court's earlier efforts to curb those filing abuses. The lesser sanctions previously imposed (*see* Doc. 95, pg. 11, n. 9) were insufficient to accomplish their intended purpose.

The amount recommended is not "unprecedented," as Plaintiffs contend. *See, e.g.*,

Merriman v. Security Ins. Co. of Hartford, *supra*; White v. General Motors Corp., 977 F.2d 499 (10th Cir. 1992) (affirming a sanction award of $50,000 against plaintiff's attorney); Doyle v. United States, 817 F.2d 1235 (5th Cir. 1987) (affirming a total award of $38,872, representing $1,554.88 against each of 25 plaintiffs who filed a frivolous class-action lawsuit); Jennings v. Joshua Indep. Sch. Dist., 948 F.2d 194 (5th Cir. 1991) (reducing to $21,539.95 a sanction award against plaintiff and plaintiff's counsel for filing a clearly meritless case); Lapin v. United States, 118 F.R.D. 632 (D. Haw. 1987) (awarding $28,400 to be paid to the Clerk of Court as a sanction for frivolous filings).[2]

Plaintiffs were warned that sanctions could be awarded, and they were given an opportunity to respond to the Order to Show Cause. They did not do so, preferring to file yet another frivolous motion, challenging the Court's authority to refer this matter to the Magistrate Judge. In their objections, they do not claim an inability to pay the amount recommended. Indeed, Plaintiffs have been able to pay filing fees and to maintain the costs of pursuing numerous lawsuits through the years. As the Court has not been presented with any evidence of lack of ability to pay, that factor does not enter into the Court's consideration.

Finally, Plaintiffs appear to argue that "new information" allegedly related to this lawsuit, which "recently surfaced on Wikipedia," justifies their filing new motions six and a half years after the case was terminated. The information concerns former National Security Advisor Zbigniew

---

[2]The judge in Lapin v. United States referred to a study showing that "a single hour spent by a federal judge on a case costs the taxpayers approximately six hundred dollars." He determined the amount of judge time spent dealing with plaintiff's frivolous filings, assigning $600 to in-court time and $200 to out-of court time, and came to the total sanction of over $28,000. If that method were used in this case, Plaintiffs' sanction would likely amount to well over $100,000.

Brzezinski.[3]  In addition, Plaintiffs complain that among the documents which the Magistrate Judge recommended stricken was a "criminal complaint affidavit against former secretary of state Brzezinski."  Plaintiffs quote someone named "Col. Feehan," as follows:  "Failure to bring Brzezinski to justice casts a dark shadow of corruption on judicial and government branches.  Further, a failure to bring Brzezinski, and others, to justice may be an invitation for retaliation by those aggrieved by what Brzezinski and others have done."  [Doc. 97, at 22-23].

This statement is typical of the veiled and indirect threats these Plaintiffs have made against judges, U.S. Attorneys and Assistant U.S. Attorneys, court officers, federal officials and employees, and a host of others who have had the misfortune of being named in the many complaints which the Plaintiffs have filed.  As  noted in the Report and Recommendation, these *pro se* litigants do little more more than heap abuse and invective on the defendants and court officers.  They have accused judicial officers of being felons, of being corrupt and incompetent.  For example, in this very case Payne and Morales state, "Judge Armijo over-stepped her bounds and thus demonstrated her bias or incompetence." [Doc. 97, at 3].[4]  They continue to harass judicial officers by filing criminal complaints.  (*See, e.g.*, Doc. 97, "Criminal Complaint Affidavit" attached to Response as Appendix "A:").[5]  While Plaintiffs are free to maintain and express their beliefs, they are not free to burden

---

[3]Mr. Brzezinski was National Security Advisor under President Jimmy Carter.  As yet another example of frivolous pleading, Plaintiffs are seeking to have "criminal complaints" issued against Mr. Brzezinski for alleged misinformation given concerning national security matters.

[4]To the extent that Plaintiffs' claim of bias with respect to Judge Armijo constitutes a veiled request that she recuse from this case, such request is denied.  Plaintiffs have failed to demonstrate or establish by affidavit, or otherwise, with particularity that the undersigned judge has a bias or prejudice.

[5]As noted in the Order to Show Cause, Doc. 92, Appendix "C," Payne and Morales filed criminal complaints and sought to have "arrest warrants" issued for Senior Judge James A. Parker, Chief Judge William Downes and several Assistant United States Attorneys.  The State District Attorney promptly intervened and dismissed those prosecutions.

5

defendants or the Court with their prolixity and frivolousness. As stated in the Report and Recommendation, "a party's right of access to the courts is neither absolute nor unconditional. Tripati v. Beaman, 878 F.2d 351 (10th Cir. 1989). There exists no constitutional right of access to courts to prosecute frivolous or malicious actions. Id.; Phillips v. Carot, 38 F.2d 207, 208 (10th Cir. 1981)."

From the outset, this Court has afforded Plaintiffs Payne and Morales ample opportunity to bring their claims. Those claims have been found, repeatedly, to be without merit and often filed for improper purposes, including simply to harass or burden defendants and the courts. This Court will not tolerate further abuse of the judicial system from these Plaintiffs.

Payne and Morales argue that Judge Santiago E. Campos' dismissal of their lawsuits was "without jurisdiction" because Plaintiffs sought a jury trial and the Court's granting of summary judgment denied them their Seventh Amendment right to a jury trial. They contend that the Court was without jurisdiction to dismiss their complaint in the face of a jury demand.

The problem with this argument is that it was previously presented by these same litigants to trial courts and to the Tenth Circuit, and the argument was soundly rejected. In Payne v. National Security Agency, 232 F.3d 902 (table, text in Westlaw), 2000 WL 1570547, at *1 (10th Cir. Oct. 19, 2000), the Tenth Circuit stated:

> Plaintiff-appellant William H. Payne appeals from the district court's order granting summary judgment on his complaint pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to defendant-appellee National Security Agency (NSA). Payne offers no substantive argument in opposition to the conclusions reached by the district court on the FOIA issues. He contends only that the district court should not have entered summary judgment because it denied him a jury trial to which he was entitled under the Seventh Amendment to the United States Constitution and Fed. R. Civ. P. 38. We affirm.
>
> Assuming without deciding that the Seventh Amendment entitled

6

> Payne to a jury trial on his FOIA claim, the district court did not deny him that right by entering summary judgment against him. It is well-settled that the Seventh Amendment is not violated by proper entry of summary judgment, because such a ruling means that no triable issue exists to be submitted to a jury. *See* City of Chanute v. Williams Natural Gas Co., 955 F.2d 641, 657 (10th Cir. 1992)(*citing* Fidelity & Deposit Co. v. United States, 187 U.S. 315, 319-20 (1902)), *overruled on other grounds by* Systemcare, Inc. v. Wang Lab Corp., 117 F.3d 1137-1145 (10th Cir. 1997). *See also* In re TMI Litig, 193 F.3d 613, 725 (3d Cir. 1999), *cert. denied*, 120 S. Ct. 2238 (2000).[6]

With this decisive ruling by the Tenth Circuit, one would expect that Payne and Morales would not again raise the issue. However, that did not occur. In Payne v. EEOC et al., CIV 99-270, Payne again contended that, in a Privacy Act claim, it was improper for the court to grant summary judgment against him because the grant of summary judgment violated his Seventh Amendment right to a jury trial or Fed. R. Civ. P. 38. The trial court rejected the argument and, on appeal, Payne v. EEOC, 242 F.3d 390 (Table, text in Westlaw), 2000 WL 1862659, at *2 (10th Cir. Dec. 20, 2000), the Tenth Circuit affirmed the summary dismissal of Payne's Privacy Act claim. The Tenth Circuit rejected Payne's argument that the grant of summary judgment deprived him of his Seventh Amendment right to a jury trial, or that dismissal of his lawsuit violated Rule 38.

> As explained by the magistrate judge in dismissing plaintiff's claims against the private corporations and individuals, the Privacy Act authorizes suit only against an "agency" of the United States Government. 5 U.S.C. § 552a(a)(1)(q)(1); Parks v. IRS, 618 F.2d 677, 684 (10th Cir. 1980). In general, the United States is immune from being sued unless it consents. United States v. Sherwood, 312 U.S. 584, 586 (1941). Even when it consents, the general rule is that the Seventh Amendment does not grant a plaintiff the right to a trial by jury. Lehman v. Nakshian, 453 U.S. 156, 160 (1981). Thus, when the government does consent to being sued, the plaintiff has a right

---

[6]While the Tenth Circuit assumed without deciding that there was a right to a jury trial, subsequent rulings demonstrate that "[n]either the Privacy Act nor the Freedom of Information Act (FOIA) provide a plaintiff with the right to a jury trial." Buckles v. Indian Health Service/Belcourt Service Unit, 268 F. Supp. 2d 1101 (D.N.D. 2003).

> to a jury trial only when the right has been "unequivocally expressed" by Congress. Id. at 160-61. The Privacy Act is silent as to any right to a jury trial. Consequently, plaintiff had no right to a jury trial under the Privacy Act. Plaintiff also includes an allegation that he was entitled to a jury trial under Fed. R. Civ. P. 38. Rule 38, however, simply states that the Seventh Amendment or statutory rights to a jury trial shall be preserved in the federal courts. The Rule does not provide an independent entitlement to a jury trial. Moreover, the proper dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) does not violate the Seventh Amendment. Christensen v. Ward, 916 F.2d 1462, 1466 (10th Cir. 1990). It is clear from our *de novo* review that the magistrate judge correctly dismissed plaintiff's complaint against all defendants.

Given the history of these *pro se* litigants of ignoring orders and directives of the court, it not surprising that they have ignored the Tenth Circuit's prior rulings in Plaintiffs' own cases which soundly rejected arguments that a trial court is without jurisdiction to grant summary judgment because it violates the Seventh Amendment and Rule 38, or that a court is without jurisdiction to dismiss a lawsuit when a plaintiff has filed a jury demand.

Finally, the Court rejects the argument that Chief Magistrate Judge Lorenzo F. Garcia should not have participated in this case due to bias. Payne advanced the same argument in Payne v. EEOC et al., CIV 99-270, a case tried by Judge Garcia. The Magistrate Judge denied Payne's request that he recuse and, on appeal, 2000 WL 1862659, the Tenth Circuit affirmed the dismissal of Payne's case and rejected Payne's contention that Magistrate Judge Garcia was bound to recuse himself from the litigation.

## Conclusion

This Court, after careful consideration of Plaintiffs' objections, finds that the Magistrate Judge's analysis is sound. The Court concludes that it has power to impose sanctions on these Plaintiffs. The pleadings which Plaintiffs filed in this case were frivolous, unsupported in fact or law, and constitute a continuation of Plaintiffs' campaign to file frivolous pleadings intended solely

to harass and burden defendants and the Court.  The Court adopts the Ehrenhaus analysis set out in the Report and Recommendation.  Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992).  The Court further finds that the sanctions suggested are appropriate.  The entirety of the Report and Recommendation is adopted.  Plaintiffs' objections are overruled.

### Order

IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation [Doc. 95], filed herein on July 31, 2007, is hereby adopted.

IT IS FURTHER ORDERED that Plaintiffs' pleadings 81, 82, 84, 85, 91, 93, 94, 98, and 99 are  stricken from the record.

IT IS FURTHER ORDERED that Plaintiff William H. Payne is personally sanctioned for abusive litigation practices in the amount of $10,000.  Mr. Payne shall pay this amount to the Clerk of the Court within 30 days of the date of this Order.

IT IS FURTHER ORDERED that Plaintiff Arthur R. Morales is personally sanctioned for abusive litigation practices in the amount of $10,000.  Mr. Morales shall pay this amount to the Clerk of the Court within 30 days of the date of this Order.

IT IS FURTHER ORDERED that if payment is not made from either Plaintiff as ordered above, the United States Attorney is directed to take all reasonable and necessary steps to exact payment and to collect these sanctions from the offending Plaintiff or Plaintiffs and to deposit the amounts collected with the Clerk of Court.

IT IS FURTHER ORDERED that the Clerk of Court will accept no further filings from Plaintiffs in this case, save for a notice of appeal, other than the payments ordered above.

_____ 8-27-2007_____
M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE