IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM H. PAYNE and
ARTHUR R. MORALES,

        Plaintiffs,
  vs.                                                  CIVIL NO. 97-266 MCA/LFG

NATIONAL SECURITY AGENCY,

        Defendant.

SANDIA LABORATORY FEDERAL
CREDIT UNION,

        Garnishee.

## REPORT AND RECOMMENDATION
## TO DENY MOTION TO VOID AND AMEND[1]

THIS MATTER is before the Court on William H. Payne's Motion to Void and Amend Judgments in Order Adopting Magistrate Judge's Findings and Recommended Disposition Mailed July 14, 2008 and filed August 1, 2008 [Doc. 152].[2] The Court considered the Motion and Response and determines that oral argument is not necessary. For the reasons herein stated, the motion should be denied and the Plaintiff, William H. Payne ("Payne"), admonished.

The undersigned Chief Magistrate Judge issued findings and a recommendation on March 27, 2008 [Doc. 150]. No objections were filed within the time permitted by law under either 28 U.S.C. 636(b)(1) or Fed. R. Civ. P. 72(a). The trial judge adopted the Findings and Recommended

---

[1] Within ten (10) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed, no appellate review will be allowed.

[2] The Court earlier issued its Order of Reference [Doc. 89] referring Payne's earlier motions to set aside judgments for lack of jurisdiction. As the present motion is directly related to the Court's earlier reference, the Court will proceed by way of report and recommendation pursuant to 28 U.S.C. 636(b)(1).

Disposition and Orders of Garnishment on July 11, 2008 [Doc. 151]. Payne did not appeal nor did he timely seek relief under Fed. R. Civ. P. 59(e).

Payne served his Motion to Void and Amend on July 14, 2008; however, he did not file it until August 1, 2008. A motion under Rule 59(e) must be filed within ten days; Payne's motion was not, and is therefore untimely.

The motion can only be considered as one for relief from an order under Fed. R. Civ. P. 60(b). United States v. Emmons, 107 F. 3d 762, 764 (10th Cir. 1997). Payne's motion simply seeks to resurrect arguments the Court previously rejected. Nothing in the motion demonstrates that the Court misapprehended the facts or misapplied the law. Rather, this motion simply reargues Payne's previous rejected claims.

A motion under Fed. R. Civ. P. 60(b) may not be used to simply reargue positions previously presented to and rejected by the court. Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996); Van Skiver v. United States, 952 F.2d 1241, 1244 (10th Cir. 1991)(revisiting the issues already addressed is not the purpose of a motion to reconsider filed under Rule 60(b)).

Payne's motion is a frivolous pleading in a string of prior frivolous pleadings that seek only to abuse the court process. The Court's earlier Order to Show Cause [Doc. 92] and Report and Recommendation [Doc. 95] outlined Payne's abusive litigation history. Payne filed multiple lawsuits which name judges, U.S. Attorneys, Assistant U.S. Attorneys, private attorneys, law firms, government entities, government officials, corporations, corporate officers and others as defendants. (*See* Appendices, Order to Show Cause, Doc. 92, July , 2007). In each case, defendants were forced

to retain counsel and expended significant amounts of time and money to defend themselves against frivolous and specious allegations.

Payne's litigation activities tax judicial resources in that many judges, both within and without the District of New Mexico, were compelled to spend inordinate amounts of time reviewing, analyzing and deciding Payne's motions, none of which had any merit.

Payne is not a successful litigant. To the contrary, he lost each and every claim in each and every lawsuit. Of those cases he appealed, his appeals were either rejected for non-compliance with appellate rules, or the appellate court sustained the trial court's decisions in dismissing his cases. His multiple requests for extraordinary relief filed in various appellate courts or the United States Supreme Court met similar fates. Thus, he lost each appeal he prosecuted.

In addition to his abusive litigation efforts in state and federal courts, Payne has unsuccessfully sought to have criminal complaints filed and arrest warrants issued against a number of federal judges and assistant U.S. Attorneys. Indeed, Payne is currently appealing the City of Albuquerque's refusal to process criminal complaints against the district's Chief Judge, the Honorable Martha Vázquez, the trial judge, the Honorable M. Christina Armijo, and the undersigned magistrate judge on allegations of extortion and fraud.

Not only are Payne's most recent pleadings frivolous, but he continues with his blatant disrespect for the Court, court officers and the Court's process. In his most recent filing, he refers to the prior court hearings as "kangaroo proceedings," and he accuses the trial judge of committing criminal acts of fraud and extortion. The Court will not tolerate this abuse.

In an effort to quell his litigation tactics, Payne was permanently enjoined from filing any new lawsuit in any New Mexico state court unless he is represented by counsel.[3] He has similarly

---

[3]<u>Morales and Payne v. Judge Brennan et al.</u>, 202-Civ. 2001-07794 (2nd Judicial District Court).

been enjoined in the United States District Court from filing any *pro se* lawsuit unless he complies with certain filing restrictions.[4]

State and federal courts condemned his abusive practices, censured him and warned that his litigation abuses could result in sanctions.[5] None of those efforts proved successful and they have done little to stem the tide of Payne's abusive litigation. In an effort to bring an end to these practices and to lessen the financial and time burdens imposed on those individuals who have incurred Payne's wrath, the Court entered an order imposing substantial sanctions on Payne [Doc. 151]. Indeed, it is that very sanction order that now forms the basis of Payne's present motion.

Even though those sanctions were paid to the United States, it appears that they were ineffective in stopping Payne's abusive practices. Accordingly, the Court will again give Payne a warning that if he continues with his misconduct by filing any further pleadings in this case, or violating the injunctions imposed in prior cases, the Court will issue a new order to show cause why additional substantial monetary sanctions should not be imposed.[6]

## **Recommendation**

---

[4] Morales and Payne v. Judge Baca et al., No. CIV 01-634.

[5] In Payne and Morales v. Minihan et al., No. CIV 97-266, Payne was sanctioned for misconduct and ordered to pay sanctions in the amount of $625.00 [Doc. 41]. As a result of ongoing frivolous filings and abuse, Payne was further sanctioned in the amount of $10,000.
   In Payne v. EEOC, No. CIV 99-270, Payne was warned and ultimately sanctioned for misconduct and order to pay Fed. R. Civ. P. 11 sanctions in the amount of $912.50 [Doc. 60].
   In Morales and Payne v. United States et al., No. CIV 00-1574, Judge William F. Downes warned Payne of his "indiscriminately" suing the various judges assigned to their [Morales and Payne] cases, as well as suing the attorneys and law firms representing opposing parties [Doc. 64].
   In Payne v. Sandia Corp. et al., No. CIV 00-1677, Judge William F. Downes referred to Payne's litigation history as "frivolous" [Doc. 105, p. 7].
   So, too, in Morales and Payne v. Judge Ted Baca, et al., No. CIV 01-634, the trial court found that Payne's conduct was frivolous and his pleadings constituted "ranting diatribe grounded in unbridled contempt for law." [Doc. 57, p. 15].

[6] The restriction on further filings in this case will not preclude proper and timely objections under 28 U.S.C. § 636(b)(1).

For the foregoing reasons, the undersigned Chief Magistrate Judge recommends that Payne's Motion to Void and Amend Judgments be DENIED; and, further, that Payne be admonished that continued frivolous litigation in this case or litigation in violation of existing injunctions will result in imposition of new sanctions and/or contempt of court.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge