IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED

08 DEC 11 AM 9:25

CLERK-SANTA FE

WILLIAM H. PAYNE and
ARTHUR R. MORALES,

           Plaintiffs,

vs.

CIVIL NO. 97-266 MCA/LFG

NATIONAL SECURITY AGENCY,

           Defendant.

SANDIA LABORATORY FEDERAL
CREDIT UNION,

           Garnishee.

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION TO VOID AND TO AMEND

On September 2, 2008, the district's Chief Magistrate Judge issued a Report and Recommendation recommending denial of William H. Payne's motion to Void and Amend [Doc. 154]. Further, the Chief Magistrate Judge recommended that Mr. Payne be admonished and warned of the potential consequences of further frivolous filings.

Mr. Payne was told that he had ten days after service of the Chief Magistrate Judge's analysis and recommendation [Doc. 154] within which to file written objections under 28 U.S.C. § 636(b)(1). He failed to file any objections within the ten-day period and, therefore, no appellate review will be allowed.

As noted by the Chief Magistrate Judge's report, Mr. Payne's most recent motion [Doc. 152] is yet another frivolous pleading that compelled Defendant National Security Agency, through the Department of Justice, to expend attorney time, talent and money in responding to matters laid to

rest years ago. Moreover, Mr. Payne's disrespect for the law, the judicial process, and the judicial officers continues unabated. His most recent filing refers to federal court hearings as "kangaroo proceedings" and he accuses the judges assigned to hear and determine these cases are committing "fraud and extortion." This abusive conduct will not be tolerated.

A court possesses authority to protect itself against those who disregard its dignity and authority. Roadway Express, Inc. v. Piper, 447 U.S. 752, 764 (1980). The Supreme Court has long determined that courts maintain inherent power to punish for contempt, *see, e.g.*, In re Terry, 128 U.S. 289, 302-03 (1988); Roadway Express. This power is used sparingly, but may be exercised to vindicate the court's dignity for disrespect shown to it or for its orders.

State and federal judges repeatedly warned Mr. Payne of his misconduct and sought to deter his frivolous, unsubstantiated filings by reprimands, censures and various orders imposing sanctions. Unfortunately, these efforts have failed to stop Mr. Payne's abuse of the court process.

Each of his claims in each of his cases was rejected. However, before his abusive filings were relegated to their appropriate repose, the defendants who were ensnared in Mr. Payne's net were compelled to spend tens, if not hundreds, of thousands of dollars in attorney fees and lost time before the frivolous claims were dismissed. So, too, Mr. Payne sapped precious judicial resources by requiring the expenditure of untold numbers of hours in dealing with his nonsensical claims and pleadings.

The Court accepts and adopts Chief Magistrate Judge recommendation that Mr. Payne's most recent Motion to Void and Amend be denied, but also that Mr. Payne be admonished. Therefore, the Court puts Mr. Payne on notice that the filing of any new pleadings in this case, save for an appropriate and timely appeal, or the filing of any new pleadings in any of the federal court cases

filed in this district which Mr. Payne previously filed, or which were removed to the United States District Court for the District of New Mexico, or any filings in violation of the permanent injunction imposed by the Honorable William F. Downes in Morales & Payne v. Judge Baca et al., CIV 01-634, may result in imposition of even more significant and severe monetary sanctions.

It is possible that the last sanction was simply insufficient to convince Mr. Payne that the Court will no longer tolerate this misconduct, and that a substantially greater sanction might serve to convey that message. Further misconduct may well result in the issuance of an order to show cause why Mr. Payne should not be held in contempt of the United States District Court.

Contempt may be punished by censure, imposition of fine, monetary sanctions, incarceration or other relief which the Court deems appropriate. Rodriguez v. IBP, Inc., 243 F.3d 1221, 1231 (10th Cir. 2001)(a district court has broad discretion in using its contempt power to require adherence to court orders). The Court cautions Mr. Payne to take heed of this admonition and to bring an end to this repeated, frivolous conduct which has caused so much harm to defendants and to the court process.

IT IS THEREFORE ORDERED that the Report and Recommendation is hereby adopted in its entirety; that Payne's Motion to Void and Amend Judgments [Doc. 152] is DENIED; and that Payne is admonished of the consequences of future misconduct.

_____
CHIEF UNITED STATES DISTRICT COURT JUDGE